USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLIS PARISH,

Plaintiff,

-against-

MARLON DACOSTA,

Defendant.

26-CV-01192 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a personal injury action. Plaintiff slipped and fell on ice at a property owned by Defendant on January 22, 2024. Dkt. No. 1-1. Plaintiff filed a lawsuit in New York Supreme Court, Bronx County against Defendant seeking over $250,000 in damages (the "First Lawsuit"). During the First Lawsuit, Defendant asked that service of process be made at a Bronx address. Dkt. No. 1 ¶ 15; *Parish v. DaCosta*, No. 808038/2025E, Dkt. No. 20 at 3 (Sup. Ct. Bronx Cnty. June 4, 2026). After the First Lawsuit was dismissed, Plaintiff filed a new lawsuit based on the same underlying facts on April 9, 2025, also in Bronx County Supreme Court (the "Second Lawsuit"). *See* Dkt. No. 13-1 at 5–12..[1]

On May 13, 2025, Plaintiff filed proof that she served Defendant with the Second Lawsuit on May 12, 2025, at the Bronx address he provided during the First Lawsuit. Dkt. No. 13-3 at 5. The proof of service includes a photo of a man receiving the papers, purportedly Defendant. *Id.* at 7. In response, Defendant filed a letter to the state court judge on May 18, 2025, stating he never received service of process and reserved his right to remove the case to

[1] Unless otherwise specified, pincites refer to the pagination of a PDF, not the page numbers that appear on the bottom of an individual document.

federal court because complete diversity existed and the amount in controversy was met. *Parish v. DaCosta*, No. 808038/2025E, Dkt. No. 6 (Sup. Ct. Bronx Cnty. June 4, 2026). Defendant otherwise refused to participate in the Second Lawsuit.

On January 16, 2026, Plaintiff moved for default judgment in the Second Lawsuit. On February 9, 2026, Defendant responded by opposing the motion and moving to dismiss, arguing the state court lacked personal jurisdiction over him. Unbeknownst to the state court, Defendant also filed a notice of removal with this Court on February 12, 2026, arguing removal was timely because he first learned the case was removable after receiving the motion for default judgment and the amount in controversy requirement was met because, in the First Lawsuit, Plaintiff had sought damages of $250,000. *See* Dkt. No. 1. He then moved to dismiss the removed action, arguing the Court lacked personal jurisdiction over him. Dkt. No. 5. Defendant did not file the notice of removal on the state court docket.

On June 4, 2026, the state court granted Plaintiff's motion for a default judgment and denied Defendant's motion to dismiss. *Parish v. DaCosta*, No. 808038/2025E, Dkt. No. 20 at 4 (Sup. Ct. Bronx Cnty. June 4, 2026). The state court judge reasoned service was proper because Plaintiff used the address that Defendant had provided in the previous lawsuit and, tellingly, Defendant never disputed that he was the man in the photograph that accompanied Plaintiff's proof of service. *Id.* at 2. Judgment was entered in the Second Lawsuit on June 5, 2026. Defendant responded by, for the first time, filing the notice of removal on the state court docket, on June 11, 2026. *Parish v. DaCosta*, No. 808038/2025E, Dkt. No. 22 (Sup. Ct. Bronx Cnty. June 11, 2026).

Plaintiff—finally alerted to the existence of this action—promptly appeared and moved to remand on July 9, 2026. Dkt. No. 14. She argues the notice of removal was untimely because

Defendant was first served on May 12, 2025, and evidently knew the case was removable since at least May 18, 2025, when Defendant sent the state court judge a reservation of his rights to remove the case. *See* Dkt. No. 13 at 9. In a declaration, Plaintiff's counsel also explained that he learned of the notice of removal on June 10, 2026, when Defendant filed it on the state court docket. Dkt. No. 13 at 3. Defendant opposed the motion to remand on August 5, 2026, arguing, *inter alia*, that the Court has subject-matter jurisdiction and Plaintiff's 30-day deadline to move to remand has expired. Dkt. No. 15..[2]

## DISCUSSION

### I. LEGAL STANDARD ON A MOTION TO REMAND

28 U.S.C. § 1441 permits a defendant to remove to a district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In a dispute concerning removal, comity interests and respect for the state court requires a district court "to resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)..[3] Similarly, "[s]tatutory procedures for removal are to be strictly construed." *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002).

Section 1446 governs the process of removal. It requires a defendant seeking removal to file a notice of removal in the federal district court embracing the state court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.

[2] Defendant moved on August 13, 2026, for leave to file an amended notice of removal (Dkt. No. 19) and on August 26, 2026, to vacate the state court's default judgment (Dkt. No. 24).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

§ 1446(b)(1). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal." 28 U.S.C. § 1446(d)

Section 1447 permits a plaintiff to move to remand a removed case and provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). A federal court has discretion to "treat a motion to remand that is filed after the 30-day deadline as timely." *Bisesto v. Uher*, No. 19-CV-01678 (KMK), 2019 WL 2537452, at *5 (S.D.N.Y. June 20, 2019), *appeal dismissed* (Nov. 18, 2019). "[S]uch discretion should be guided by whether 'strict application of those requirements would cause an unjust result.'" *Scantek Med., Inc. v. Sabella*, No. 08-CV-00453 (CM), 2008 WL 2518619, at *3 (S.D.N.Y. June 24, 2008) (*Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005)). Such is the situation here.

## II. THIS CASE SHOULD BE REMANDED

At the outset, Defendant argues that Plaintiff's motion to remand is untimely because thirty days have elapsed since he filed the notice of removal. *See* Dkt. No. 15 ¶ 38. This argument ignores that Plaintiff could not have possibly met the 30-day deadline to move to remand given Defendant failed to file the notice of removal in the state court docket or provide any notice to Plaintiff of the removal until June 11, 2026, 119 days after removal. It also bears mentioning that—while Defendant moved to dismiss in the State court action and opposed the default judgment—he did not file the notice of removal until *after* the state court had ruled on Plaintiff's motion for default judgment and his motion to dismiss. The clear implication is that

Defendant sought to game the system by using removal to get a second bite at the apple once the state court judge issued a ruling adverse to Defendant.

The Court refuses to reward that strategy. Our system requires good faith participation in the adversarial process. It does not countenance a litigant testing his luck in the state court before pulling the rug out from under the state court judge and a plaintiff. Were it otherwise, any litigant could remove to federal court and wait thirty-one days (or any strategically convenient amount of time) to file or serve the notice of removal, thereby depriving a plaintiff of the opportunity to move to remand on non-jurisdictional grounds. It would also make a mockery of the time and resources state court judges spend resolving cases if a litigant could void their orders at will by surreptitiously filing notices of removal in federal court and waiting months to inform the state court judge. Tolling Section 1446(b)'s 30-day deadline to move to remand in this case also comport with the statute's underlying interests in comity and respect for the state courts. *See* 28 U.S.C. § 1446(b); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d at 124. Finally, it also gives effect to Congress' command that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal*." 28 U.S.C. § 1446(d) (emphasis added); *See* Black's Law Dictionary, *Effect* (12th ed. 2024) ("To bring about; to make happen")..[4] Accordingly, the Court will deem Plaintiff's motion to remand timely.

[4] Several sister courts have held or commented that the requirement that a defendant file a notice of removal is non-jurisdictional and therefore cannot toll the 30-day deadline to move to remand. *See, e.g.*, *Almont v. Target Corp.*, 462 F. Supp. 3d 360, 364–65 (S.D.N.Y. 2020); *Kukaj v. Town of Eastchester*, No. 24-CV-08942 (PMH), 2025 WL 275533, at *1 (S.D.N.Y. Jan. 23, 2025). Those cases did not present the same concerns of gamesmanship as the present case, nor did the state court in those cases take any actions in the gap between when a defendant removed a case and when he ultimately informed the state court and plaintiff of the notice of removal.

Turning to the merits, Defendant received service of process in the Second Lawsuit on May 12, 2025. Dkt. No. 13-3 at 5.[5] His February 12, 2026 notice of removal argued the Court had diversity jurisdiction because Plaintiff's prior lawsuit based on identical facts sought over $250,000 in damages. *See* Dkt. No. 1. Defendant was well-aware of those facts, however, when he first received service of process on May 12, 2025. The arguments in Defendant's February 12, 2026 notice of removal as to why this Court has diversity jurisdiction also bear a close similarity to the arguments Defendant made in his May 18, 2025 letter to the state court judge that purported to reserve his right to remove. *Compare* Dkt. No. 1 (arguing the parties were diverse and the amount in controversy requirement was met because Plaintiff previously sought $250,000); *with Parish v. DaCosta*, No. 808038/2025E, Dkt. No. 6 (Sup. Ct. Bronx Cnty. May 18, 2026) (same).

As a result, Defendant's 30-day deadline to remove the lawsuit had long since elapsed by the time he filed the notice of removal on February 12, 2026, and removal was improper under 28 U.S.C. § 1446(b). The motion to remand is therefore GRANTED.

## CONCLUSION

Plaintiff's motion to remand (Dkt. No. 13) is GRANTED. Defendant's motion to dismiss (Dkt. No. 4), motion for leave to file an amended notice of removal (Dkt. No. 19),[6] and motion to vacate the state court's judgment (Dkt. No. 24) are DENIED AS MOOT. It is hereby

---

[5] Defendant disputed that service was valid and argues he did not reside at the address of service. Nevertheless, as the state court highlighted, Plaintiff served Defendant at an address he provided in the First Lawsuit, Defendant never disputed that a photo showing a man accepting service of process depicts him, and Defendant's May 18, 2026 letter to the state court shows that he clearly had notice of the underlying proceeding.

[6] Defendant moved under 28 U.S.C. § 1653, which permits a party to cure defective allegations of jurisdiction by amendment. Any amendment would be futile given that the record is clear Defendant knew this action was removable for months before he filed his notice of removal in this Court.

ORDERED that this case be remanded to the Supreme Court of the State of New York, Bronx County. Consistent with 28 U.S.C. § 1447(d), defendant may not seek an appeal of this order. Plaintiff's motion for costs under 28 U.S.C. § 1447(c) (*see* Dkt. No. 13 at 8) is DENIED.

Dated: September 10, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge