USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLIS PARISH,

Plaintiff,

-against-

MARLON DACOSTA,

Defendant.

26-CV-01192 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this matter. On September 10, 2026, the Court issued an Opinion and Order remanding this case to New York state court. Dkt. No. 28 ("Order"). Defendant moves for reconsideration of that Order. Dkt. No. 29 ("Mot.").

A motion for reconsideration "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*, No. 16-CV-06525, 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "The decision to grant or deny a motion for reconsideration is in the sound discretion of a district court judge." *PC-Palladio, LLC v. Nassi*, No. 12-MC-00234 (JMF), 2014 WL 1316354, at *1 (S.D.N.Y. Apr. 2, 2014). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Defendant's motion runs afoul of these principles and does not meet the standard for reconsideration. Second Circuit law is clear: reconsideration is not a "vehicle for relitigating old issues." *Analytical Survs., Inc.*, 684 F.3d at 52. The Court's analysis necessarily stops there. Defendant's arguments are two-fold: (1) "the Court overlooked the limited scope of *Phoenix Global* and controlling Second Circuit authority governing waiver of procedural removal defects under § 1447(c)," Mot. at 4–6, and (2) "Section 1446(d)'s requirement that notice and state-court filing 'effect' removal does not alter § 1447(c)'s express thirty-day trigger," *id.* at 6–8. These two arguments were both addressed by the parties in their original briefing and expressly considered by the Court in the Order for which Defendant seeks reconsideration. The Court did not "overlook" either of these arguments or cases cited by Defendant, in fact the Court cited *Phoenix Global*—the primary basis for Defendant's first argument—in its Opinion and Order. Order at 4; *see Shrader*, 70 F.3d at 257. Where Defendant has failed to point to any "controlling decisions or data that the [C]ourt overlooked," *Shrader*, 70 F.3d at 257, nor any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Cunningham*, 2020 WL 1165778, at *1, he has not satisfied the strict standard for reconsideration.

Defendant simply disagrees with how the Court resolved these issues. He is free to raise his arguments with the Second Circuit, if they permit appeal in light of the statutory bar on appealing remand orders, *see* Order at 7, or in the state court. He may not, however, use reconsideration to rehash those same arguments here, and accordingly the motion is denied.

Finally, The Court is in receipt of Defendant's letter raising concerns with the timing of his notice of appeal. Dkt. No. 33. Defendant is incorrect that the time to file a notice of appeal has been ticking while the motion for reconsideration was pending. Defendant is respectfully informed that the timely filed motion for reconsideration "tolled the time to file a notice of appeal regarding the underlying order until decision of th[is] motion for reconsideration." *Lora v. O'Heaney*, 602 F.3d 106, 110 (2d Cir. 2010); *see also* Fed. R. Civ. P. 4(a)(4)(A). Although Defendant is cautioned that 28 U.S.C. § 1447(d) states that remand orders may not be appealed, *see* Order at 7, if he nonetheless wishes to seek leave of the Second Circuit to appeal, his time to do so begins running as of the date that this Order is entered, denying his motion for reconsideration.

Defendant's motion for reconsideration of the Court's remand order is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. No. 29.

Dated: October 6, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge